1:17-CV-4263

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

42 USC § 1983

CAFN:

Daniel W. Taylor
   Plaintiff

vs.

Carlotta Ficklin, Superintendant
FPL Foods LLC Private Corporation
Department of Corrections
State of Georgia Warden
Wilkes Department of Corrections
   Defendants

JURY TRIAL DEMANDED

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

OCT 25 2017

JAMES N. HATTEN, Clerk
By: Deputy Clerk

---

## VERIFIED COMPLAINT TO DENY CIVIL and CONSTITUTIONAL RIGHTS

---

Comes Now Daniel W. Taylor, the Plaintiff in Pro Persona IA and files this 42 USC § 1983 against all herein Defendants and Corporations Listed Above in this entitled Action. Plaintiff states the following in Support for Urgent Relief:

---

### I. JURISDICTION

Carlotta Ficklin is A Agent of the Department of Corrections Located in Atlanta, Georgia

-1-

and SUPERINTENDANT for the AUGUSTA TRANSITIONAL Center. FPL Foods LLC, is A Private Corporation in the State of Georgia Under Contract with Carlotta Ficklin and the Department of Corrections to Provide Permanent and Temporary Employment Pursuant to HB-193. Warden Wilkes is A STATE EMPLOYEE of the Department of Corrections In charge OF Augusta Medical Prison all defendants Resides in the State of Georgia which Jurisdiction is Proper in the Northern District OF GEORGIA. Supplemental Jurisdiction is enforceable.

## II. STATEMENT OF UNDISPUTED AND VERIFIED FACTS

Plaintiff A Participant of the Department OF Corrections Work Release Program Instituted under State Legislation HB-193, Was Hired AS A Permanent employee through FPL Foods LLC, a Corporation Located in Augusta, Georgia, through A Contract with the Department of Corrections and The Augusta Transitional Center. Plaintiff began Work May 30, 2017 and Worked as a Line Operator employee Making $10.25 Per hour. On October 10th 2017, during work hours

Plaintiff who does heavy Lifting, felt A Pull in his UPPER Rightside of his back after Lifting over 100 Lbs of Meat on too the Lines Cutting Table. The Pain Subsided and the Plaintiff finished the shift. Later that night Plaintiff noticed Severe Swelling and Numbness too the whole Rightside of his back Shoulders and Hands. On October 11, 2017, at 3:30 AM Plaintiff who couldn't sleep Attempted to Get Ready for Work. At 4:30AM he reported to AUGUSTA Transitional Centers Nurse, explaining to her the back Pain and he needed to Go to the Doctor. He then Went to work and Reported the Injury to Two Supervisor's. Instead of being Sent too the Company's Doctor. The Plaintiff was Released at 5:30AM to Go to the VA. Hospital by Escort of Transitional Center OFFICER CO-2 Hurley. After full examination, X-RAYS and scheduling of A MRI by the VA Hospital Doctor's. Plaintiff was Given Medication A Work SLIP Stating the Injuries were work related and No heavy Lifting. I was Given OFF from 10/11/2017 until 10/16/2017 Return to work with A Light

duty SLIP. PER FPL Policy, the next dAY I called in After finding out Ms. Jennings did not notify them after Return to the Center from the Hospital. I was then Grilled by the Saftey OFFICER and was Called in On October 13, 2017, to file A Statement, take A URINE Test and to Go to the Board Listed Company Doctor's. Instead I was taken too Human Resources and Terminated. WILL the Head OF FPL Illegally Terminated Me Stating I falsified Information on the Application. I advised him of MY legal Rights and he said I'm IMPLYing A threat. I was escorted without MY Property I Paid for and Once returned too the Center excercised MY Rights to Contact an Attorney. Carlotta Ficklin Came in Saturday October 14, 2017, threatening me not to take Legal Action. On Monday October 16, 2017 she Again came to Me with threats of excercising MY legal Rights to Workers Compensation, Taking her to Court and SUING One OF her employers. On October 17, 2017

-4-

without notice, A hearing, or any type of due process, I was shackled, handcuffed in Retaliation for exercising my Civil and Constitutional Rights Notifying Attorney Frank Burns of Atlanta, To begin the Workers Compensation Process Against FPL Foods LLC. Once Returned Injured and without my Medication Issued by the VA Hospital to Relieve my Pain. I have now been Placed in Medical Segregation, all my legal Papers and Documents taken, Denied Medical Treatment, being denied All and Any Request to the Law Library, Denied Access to the Telephone and Left in A Constant State of Anguish, Harrassment Mental Abuse At the Hands of Warden Wilkes Per Conspiracy with Carlotta Ficklin. Carlotta Ficklin Conspired with FPL Foods LLC to Deny me my Rights under the United States and Georgia State Constitution. The Plaintiff states the Following Violations of State and Federal Law by the Defendants:

## IV. WRONGFUL TERMINATION
## VIOLATION OF GEORGIA AT WILL WORK POLICY

Defendants FPL Foods LLC in violation of

-5-

of the State and Federal Workers Compensation Laws and State and Federal At Will Workers Laws, Wrongfully Terminated the Plaintiff by "fraud" in Order to Deny him filing a Workers Compensation Claim for Injuries Sustained as a Result of their employment. Plaintiff was not Terminated for Any other Reason than Reporting a Job related Injury. Defendants FPL Foods LLC have A Long history of Fraudulently Terminating employee's of the Augusta Transitional Center After Reported Injuries. This will be Proven by their Records, Employee's Terminated After Injured on the Job.

## V. Retalitory Discrimination

Defendants FPL Foods LLC and Carlotta Ficklin Retalitorily discriminated Against A Class of People ("Convicted Felons") as to Harrass, and Deny the Plaintiff his Rights to Governmental Redress, Compensation, Medical Treatment by Denying him his Due Process under State and Federal Law.

-6-

Defendants actions Against the Plaintiff Amounts to A Wilfull and Knowingly scheme to Defraud The state and Federal Government to Actual Injuries Sustained As A Result of Work Related Disability, therefore Assuring False Social Security Disability Liabilities and Disabilities Claims.

## VI. RETALIATION TO DEFRAUD & HARRASS by Defendant FICKLIN

Defendant FICKLIN Actions of Retaliation To Deny the Plaintiff his Rights to his Civil and Constitutional Rights Amounts to Fraud As to the Plaintiff Actual Sustained Injuries. Defendant Retaliational Motivation Against the Plaintiff is based on him taking her to Court under Governmental Redress on August 18, 2017 in Richmond County Superior Court for Illegally Garnishing and Embezzeling his Wages. The Case Is Pending in the Court OF APPEALS OF GEORGIA. Because Plaintiff excercised his Civil and Constitutional Rights he's been Placed back in Prison, in Segregation Without any Means to Communicate with his

-7-

Attorney or family.

## VII. Denial to Grievance Procedure Medical, Law Library and Legal Materials

Plaintiff without due Process and A Denial to Medical, Law Library and Legal Materials has been Placed in Medical Segregation. Defendants Wilkes and Ficklin Conspired to have the Plaintiff Placed in A Controlled enviorment to Hinder and Interfere with the Plantiff filing Grievances Seeking Medical and Obtaining forms from the Law Library to Obtain Governmental Redress. Pursuant to O.C.G.A § 9-10-14 No Action can be filed in State Court not on the Proper forms. Defendants Know I'll Seek Governmental Redress and has Interfered with MY Civil and Constitutional Rights, by Denying Me Redress on A Violation of the law.

## VIII. Denial To Medical Urgent Care

- 8 -

Plaintiff has been Placed in Medical Segregation without any due Process and is being Denied Urgent Medical Treatment and Medication As Provided by the VA. Hospital for his Injuries, Pain and Suffering. Plaintiff is being Denied Medical Treatment of A MRI and Physical Therapy As Provided and Prescribed by the VA. Hospital Doctor's to correct further Damage to his back shoulder and hands as A Proximent Result of his Work Related Injuries. Plaintiff is now experiencing Loss of feelings in his hands and fingers Severe Burning in his upper back and shoulders, Muscle spasms and excurciating Pain. Plaintiff Continues to be denied ANY further Medical Treatment At the request of Defendant Wilkes, that would result in Defendants FPL Foods LLC and Carlotta Ficklins Negligent Acts.

IX. Denial To Workmans Compensation Interference with Attorney Client Relationship

Plaintiff was Porposely and Retalitorily Transfered

-9-

The Plaintiff back to Prison without due Process to Deny and Intefere with the Plaintiffs Civil and Constitutional Rights to file for Workers Compensation, after Contacting ATLANTA ATTORNEY Frank Burns, Were upon opening Plaintiffs Confidential Attorney Client Priviledged Mail in Violation of S.O.P. IIB04-0001 not in his Presence and finding out he had obtained Legal Representation to Pursue his Rights to Workers Compensation. He was then Transfered without due Process, Notification or explanation except for excercising his Civil and Constitutional Rights. He was then Placed in Medical Segregation and All Legal Mail Consficated, Not Allowed ANY Phone Calls or Correspondance with Attorney Frank Burns.

## X. Denial to Access to the Courts

Defendants Wilkes and Fick Lin Conspired to Interfere with Plaintiffs Rights under the First, Fifth, Sixth, Eighth and Fourteenth Amendment to the state and Federal Constit

- 10 -

ution to Deny Plaintiff with any Means to Governmental Redress by denying Plaintiff Law Library, forms to file Actions in State Court and Denial to the Grievance Process and it's Procedures. This is A Violation of Bound v. Smith to Interfere and Deny the Plaintiff Access to the Courts for Governmental Redress.

## XI. Plaintiff Reserves the Right to Amend Complaint

Plaintiff Now Reserves the Right to Amend his Complaint to Add further Plaintiffs and Defendants under Fed R. Civ. P. 15(a)

## XII. Relief Requested

Plaintiff Seeks the following Relief from the Courts:

(1) A Trial by A Jury
(2) All future and Prior Medical expenses Paid by Defendants.
(3) Loss Wages and Compensation For Workers Compensation.

- 11 -

(4) Attorney fee's

(5) Pain and Suffering, Mental and emotional Distress

(6) Damages for Wrongful Termination

(7) Damages for Humiliation & Tortious Interference

(8) Punitive Damages, Interference with Constitutional and Civil Rights.

In the Amount of 95,000.00 Dollars all TAXES and Attorney fee's to be Paid by defendants.

Pursuant to the Penalty of Perjury 28 USC's 1746 all facts stated in this Complaint by the Plaintiff Daniel W. Taylor is TRUE and Correct. This 21st day of October 2017.

Respectfully Submitted
Daniel W. Taylor
Daniel W. TAYLOR Pro-SE
1000332837
3001 Gordon HIGHWAY
Grovetown, GA. 30813

# Declaration Of Plaintiff Daniel W. Taylor

I The Declarant Daniel W. Taylor states the Following:

(1) I am the Plaintiff in this Action.

(2) All facts stated hereforth are true and correct Pursuant to 28 USC § 1746.

(3) I have the Money In MY Inmate Account to Pay the filing Fees and Sheriff Summons Service.

(4) The Clerk is Authorized to Collect those Fee's From MY Inmate Account to begin this Action.

(5) If Jurisdiction is not Proper Please transfer too the Appropriate Jurisdiction.

(6) Plaintiff barrowed the Paper too Draft this Complaint so he wouldn't loose his Rights to Governmental Redress.

I the Declarant states this is A True and Correct Declaration. I the Declarant further Sayeth not. This 21st day of October 2017

_Daniel W. Taylor_
Daniel W. Taylor

-13-