IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| DANIEL W. TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 117-161 |
| | ) | |
| | ) | |
| CARLOTTA FICKLIN; FPL FOODS, LLC; | ) | |
| DEPARTMENT OF CORRECTIONS; | ) | |
| STATE OF GEORGIA; and WARDEN | ) | |
| WILKES, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On October 25, 2017, Plaintiff, an inmate at Augusta State Medical Prison in Grovetown, Georgia, submitted a complaint to the Clerk of Court in the Northern District of Georgia without submitting the appropriate filing fee or a request to proceed *in forma pauperis* ("IFP"). United States District Judge Steve Jones transferred the case to the Augusta Division of the Southern District of Georgia because all of the events alleged in the complaint occurred in Augusta, and all Defendants appear to reside here. (Doc. no. 4.) Upon opening the case in the Southern District, the Clerk sent Plaintiff a deficiency notice on November 29, 2017, concerning the need for an IFP motion or payment of the filing fee. (See doc. no. 8.)

The deficiency notice reflects the requirements of Local Rule 4.1, which explains the commencement of a civil action requires compliance with four specific criteria, including the

presentation of the original complaint and the appropriate filing fee, or the original complaint and a petition to proceed IFP.  If a party fails to satisfy these criteria, "the Clerk shall mark the complaint as to the date filed and promptly give notice of the omission to the filing party.  Failure to comply within twenty-one (21) calendar days of the date that notice is served by the Clerk may result in dismissal by the Court."  Loc. R. 4.1(1); see also doc. no. 8 (explaining that failure to cure the filing deficiency within twenty-one days could result in dismissal of his case).  Plaintiff has not responded to the Clerk's notice.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order.  Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority:  Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets.").  Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness."  Loc. R. 41.1(c).

Plaintiff failed to comply with the requirements for commencing a civil action by submitting an appropriate filing fee or motion to proceed IFP with his complaint, and when given the opportunity to submit the appropriate paperwork, he failed to respond.  Plaintiff's failure to comply with the filing requirements of the Local Rules and his failure to respond to

the Clerk's deficiency notice amounts not only to a failure to prosecute, but also an abandonment of his case. Accordingly, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 4th day of January, 2018, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA